**Johnnie CURRY, Appellant,**

v.

**Edgar J. BROWN, Mauris W. Platkin, M.D.**

**No. 23062.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 27, 1970.

Decided Feb. 10, 1971.

Mr. Jerrold Scoutt, Jr., Washington, D. C. (appointed by this Court) for appellant.

Mr. Robert J. Higgins, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellees.

Before BAZELON, Chief Judge, and ROBB, Circuit Judge and JOHNSON,* Chief Judge, U.S. District Court for the Middle District of Alabama.

PER CURIAM:

Appellant, a mental patient confined in the John Howard Pavilion—the maximum security division of Saint Elizabeths Hospital—filed with the District Court on December 26, 1968, a *pro se* complaint,[1] naming as defendants Edgar J. Brown, Finance Officer of Saint Elizabeths, and Dr. Mauris M. Platkin, the Acting Director of John Howard. In his complaint, plaintiff alleged that the defendants, who are authorized by statute[2] to administer all funds entrusted to the hospital by or for the use of patients, improperly withdrew from his account $200, such amount being paid to a Dr. E. Y. Williams.

On April 7, 1969, a "motion for summary judgment" was filed by the appellees. Appellant was served with a copy of the motion but failed to file any response. On April 22, 1969, the District Judge entered an order granting appellees' motion for summary judgment and dismissing the complaint.

Having reviewed appellees' "motion for summary judgment," the affidavit of Dr. Platkin, and the exhibits[3] affixed thereto, we find appellant's complaint to be frivolous and totally without merit. Appellees' motion and supporting affidavit and exhibits set forth the following facts, the truth of which was conceded by appellant's court-appointed counsel at oral argument. Appellant was committed to Saint Elizabeths Hospital on June 1, 1965, pursuant to 24 D.C.Code Ann. § 301(d), after he had been found not guilty by reason of insanity on a charge of assault with a dangerous weapon. On October 17, 1967, appellant filed a *pro se* petition for a writ of habeas corpus in which he claimed that his continued de-

---

* Sitting by designation pursuant to 28 U.S.C. § 292(c).

1. It is unclear from the record as to which jurisdictional statute the District Court invoked in assuming jurisdiction over the subject matter of this action. Because of our disposition of the case, and because the question was not raised in the pro-

ceeding below, we find it neither necessary nor appropriate to rule on the matter.

2. 24 U.S.C.A. § 165.

3. The exhibits consisted of copies of correspondence between the hospital, Dr. Williams, and appellant's appointed counsel, Mr. Smalley.

tention at Saint Elizabeths was unlawful. Appellant was appointed an attorney, Booker T. Smalley, who, at the request of appellant, filed a motion with the District Court asking that Dr. E. Y. Williams, a psychiatrist in private practice, be permitted to examine appellant. The District Court granted the motion, with the stipulation that appellant be personally liable "for any and all charges arising therefrom." [4]

Dr. Williams interviewed appellant at Saint Elizabeths Hospital on three separate occasions and visited the hospital a fourth time to review appellant's history. Dr. Williams later gave expert testimony at the hearing on appellant's petition.[5]

Appellant's attorney, shortly thereafter, wrote a letter to the Superintendent of Saint Elizabeths in which he enclosed Dr. Williams' $200 bill for services rendered, requesting that he be notified when Dr. Williams was paid. Only after ascertaining that Dr. Williams' fee was reasonable and that the bill had been incurred by appellant for a legitimate purpose did Dr. Platkin authorize the payment of the bill out of appellant's account, which, at the time, had a balance in excess of $4,000.[6]

■ Based on these uncontroverted facts, this Court is compelled to find that "there [was] no genuine issue as to any material fact and that [the appellees were] entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).[7]

■ This Court, while affirming the decision below, wants to make it perfectly clear that it cannot and does not place its stamp of approval upon the procedure followed by the District Judge in granting appellees' motion for summary judgment.

Fed.R.Civ.P. 56(e) provides that a party, in resisting a motion for summary judgment which is supported by affidavits or other documentary evidence, "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." In applying "with strict literalness" the stringent requirements of Rule 56(e), the District Judge placed an almost impossible burden upon the appellant.

At the time appellant was served with appellees' "motion for summary judgment," he was (1) mentally unstable, (2) hampered by the handicaps of detention, and (3) without the services of an attorney. Furthermore, there is nothing in the record to indicate that appellant was anything but a layman of the law. "Under these circumstances, appellant was clearly not afforded an 'opportunity' to comply with Rule 56(e), whether or not he also lacked the 'facilities' to do so." Hudson v. Hardy, 134 U.S.App.D. C. 44, 47, 412 F.2d 1091, 1094 (1968). At the very least, the District Judge, before granting appellees' motion for summary judgment, should have given appellant timely notice sufficient to apprise

---

4. No objection to this order was ever filed by appellant or Mr. Smalley.

5. On February 5, 1968, appellant's petition was dismissed and he was remanded to the custody of Saint Elizabeths Hospital.

6. The quality of Dr. Williams' services and the reasonableness of his fee were not challenged by appellant's court-appointed attorney at oral argument.

7. We should emphasize, however, that our affirmance of the District Court's grant-ing of appellees' motion for summary judgment rests entirely on the frivolousness of appellant's complaint and is no way grounded on an interpretation of 24 U.S.C.A. § 165. The difficult and serious questions concerning the applicability and constitutionality of § 165, which gives the Hospital authority to spend a patient's funds without his permission, are better left to a later day when the issues presented the Court are more substantial and well defined.

him of what the summary judgment rule requires.[8]

Only because we find the appellant's allegations completely frivolous do we affirm in this case. Where, in contrast to the unusual circumstances of this case, there is any colorable claim of prejudice, it will be impossible for us to find the error harmless.

Affirmed.

---

8. Merely providing notice of the technical requirements of the summary judgment rule will not always satisfy the duty of the trial judge to ensure that the claims of an indigent and incarcerated or institutionalized litigant receive full and meaningful consideration. For example, where the litigant is uneducated or mentally deficient, it would probably be appropriate for the trial judge to appoint the person an attorney. See Hudson v. Hardy, *supra*, 134 U.S.App.D.C. at 48, 412 F.2d at 1095.