**Albert KEENUM, Plaintiff,**

v.

**Donald AMBOYER, Defendant.**

No. 82-40490.

United States District Court,
E.D. Michigan, S.D.

March 16, 1983.

Albert Keenum, plaintiff, in pro. per.

Frank W. Brochert, Detroit, Mich., for defendant.

MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

I  FACTS

This is a pro se prisoner action brought by plaintiff Albert Keenum, an inmate at Macomb County Jail. Plaintiff alleges that defendant Donald Amboyer, Administrator of Macomb County Jail, has violated plaintiff's constitutional rights with respect to the issue of visitation.

Plaintiff and defendant agree that defendant prevented Ms. Candy Jarret from visiting plaintiff during the August 20, 1982 to September 10, 1982 period. Plaintiff contends that this prohibition violated the First Amendment[1] and the equal protection and due process clauses of the Fourteenth Amendment.

Defendant has filed a motion for summary judgment. This motion is supported by defendant's affidavit stating that defendant had been informed that a member of the Macomb County Sheriff's Department

---

1. The First Amendment is applicable in this case through its incorporation in the Fourteenth Amendment's due process clause. *See Everson v. Board of Education,* 330 U.S. 1, 67 S.Ct. 504, 91 L.Ed. 711 (1947). For purpose of convenience and shorthand, the Court will refer to the due process incorporated First Amendment simply as the "First Amendment" throughout this opinion.

had received a telephone call warning that Ms. Jarret would attempt to assist plaintiff in an escape attempt.[2] Defendant states that he prevented Ms. Jarret from visiting plaintiff on the basis of the telephone call and that he is entitled to judgment as a matter of law. Defendant's motion is before the Court.

## II  LEGAL ANALYSIS

Defendant has labelled his motion as a motion for summary judgment. Therein, defendant seeks by way of his affidavit, to establish the fact that he denied Ms. Jarret's visits on the basis of the above-mentioned telephone call.

Plaintiff has not filed an affidavit nor the equivalent in opposition to defendant's affidavit. Thus, under a strict application of Rule 56(e) of the Federal Rules of Civil Procedure, the Court would be justified in finding that the issue of defendant's motivation in denying the visits has been resolved on the basis of defendant's affidavit.[3]

The Court will not, however, take this approach. The Court will briefly explain why it chooses not to literally apply Rule 56(e). In this respect it first must be noted that a number of Circuits have refused to literally apply Rule 56(e) in pro se inmate cases for the reason that such application would be "unfair." [4]

While this result is satisfactory, the rationale certainly is not. Rule 1 provides that the Federal Rules of Civil Procedure governs federal practice. In light of this, it obviously is erroneous for a judge to ignore a Rule because it offends his personal idea of fairness.

It will be noted, however, that Rule 56(e) was added to Rule 56 in 1963.[5] The purpose of Rule 56(e) was to overrule the approach of the Third Circuit Court of Appeals which had, in a number of business law cases, allowed the non-movant in a summary judgment motion to refer back to the allegations in its pleading.[6]

The pre Rule 56(e) Third Circuit non-movant was not practically handicapped in obtaining evidence. Rather the Third Circuit took the conceptual position that the possibility of raising a factual issue was enough to save the opportunity for a trial.[7]

In 1963, the year section (e) was added to Rule 56, pro se prisoner 42 U.S.C. § 1983 actions were not a major portion of the federal court docket.[8] Twenty years later, the situation has changed dramatically and today, inmate section 1983 cases comprise nearly twenty per cent of the federal court caseload.[9]

This Court believes that the drafters of Rule 56(e) did not intend section (e) to be applied wholesale to the present pro se prisoner petitions. The purpose of section (e) was to expedite development of factual issues where both sides had the opportunity and resources to develop the facts.[10] This purpose is not applicable to inmate petitions. Thus, the Court is convinced that it would be erroneous to construe Rule 56(e) as automatically applicable in this and other pro se inmate cases. The Court thus finds that the issue of defendant's motivation in denying Ms. Jarret's visits is not resolved by defendant's affidavits.

Nevertheless, it is clear that this case cannot remain alive. Construing defend-

**2.**  *See* docket entry # 9.

**3.**  *See generally Ackerman v. Diamond Shamrock,* 670 F.2d 66 (CA 6, 1982).

**4.**  *See e.g., Madyun v. Thompson,* 657 F.2d 868 (CA 7, 1981); *Gordon v. Leeke,* 574 F.2d 1147 (CA 4, 1978); *Curry v. Brown,* 440 F.2d 259 (D.C.Cir.1971).

**5.**  *See generally* Wright & Miller, *Federal Practice & Procedure* § 2739.

**6.**  *See* Advisory Committee Note to the 1963 amendment to Rule 56, set out at 31 F.R.D. 647, 648.

**7.**  *See id.*

**8.**  *See* Whitman, *Constitutional Torts,* 79 Mich. Law Rev. 5, 6–7 (1980).

**9.**  *See* 1981 Amended Report of the Administrative Office of the United States Courts at pp. 207–209.

**10.**  *See* n. 6 *supra.*

ant's motion as a pure Rule 12(b)(6) motion to dismiss,[11] the Court must conclude that dismissal is appropriate for the reason that plaintiff has failed to state a claim upon which relief can be granted.

In arriving to this conclusion, the Court emphasizes that plaintiff complains of nothing more than the denial of *one* [12] particular visitor over a mere three-week period. Plaintiff contends that this violates the First Amendment and the due process and equal protection clause of the Fourteenth Amendment.

In *Pell v. Procunier*,[13] the Supreme Court addressed the issue of visitation privileges. The *Pell* Court held that the First Amendment allowed prison authorities great discretion in regulating visitation privileges. *Pell* dicta emphasizes that visitation restrictions are particularly likely to pass First Amendment muster where alternative lines of communication are available.

In the instant case, plaintiff was not prevented from any form of reasonable communication except visitation with Ms. Jarret. In this respect, it is noted that plaintiff has not alleged that he was prevented from writing Ms. Jarret. Furthermore, at paragraph 8 of plaintiff's complaint, plaintiff indicates that he was allowed to visit with Mr. Myhill a friend of Ms. Jarret. And finally, it is again pointed out that the prohibition as to Ms. Jarret's visits lasted but three weeks.

■ *Pell* easily can be and should be read to permit the modest restriction imposed in this case. Moreover, several federal court decisions from around the country have upheld far more rigorous visitation restrictions than the restriction at issue here.[14] Accordingly, this Court must hold that the First Amendment—as interpreted in *Pell* —was not violated by denying plaintiff the opportunity to visit with Ms. Jarret during the August 20, 1982 to September 10, 1982 time period.

■ Plaintiff's other constitutional theories must also be rejected. Obviously, there is no conceivable substantive due process application in this case. Furthermore, plaintiff has not alleged that the state created a liberty interest in the visitation rights at issue here. Accordingly, plaintiff has not stated a procedural due process claim.[15]

■ Plaintiff's final theory rests upon the equal protection clause. Here too plaintiff is far away from an arguable basis of recovery. The only even remotely applicable strand of equal protection is the right of access to the courts.[16] But this right was not violated by the three-week restriction on Ms. Jarret's visits. This conclusion follows from the fact that plaintiff has not alleged any connection between Ms. Jarret's visits and the courts.

In sum, the Court is compelled to conclude that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, defendant's motion to dismiss is GRANTED.

## III  CONCLUSION AND ORDER

The Court has construed defendant's motion for summary judgment as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. For the reasons stated in the foregoing opinion, the Court hereby GRANTS the said motion to dismiss. Accordingly, the Clerk of the Court is ordered to enter judgment for defendant forthwith.

IT IS SO ORDERED.

---

**11.** Where a labelled summary judgment can be granted on the basis of the pleading, the court has the discretion to view the summary judgment motion as a Rule 12(b)(6) motion to dismiss. *See In re Penn Central Securities Litigation,* 347 F.Supp. 1327 (E.D.Pa., 1972).

**12.** *See* complaint at docket entry # 2.

**13.** *Pell v. Procunier,* 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974).

**14.** *See e.g., McCray v. Sullivan,* 509 F.2d 1332 (CA 5, 1975); *Walker v. Pate,* 356 F.2d 502 (CA 7, 1966); *White v. Keller,* 438 F.Supp. 110 (D.C. Md., 1977); *Laaman v. Helgemoe,* 437 F.Supp. 269 (D.C.N.H., 1977).

**15.** *See Walker v. Johnson,* 544 F.Supp. 345, 352–358 (E.D.Mich.1982).

**16.** *See generally, id.* at 364–365.