**GREAT LAKES EDUCATIONAL CONSULTANTS, a Michigan corporation, Plaintiff,**

v.

**FEDERAL EMERGENCY MANAGEMENT AGENCY, A DIVISION OF the FEDERAL GOVERNMENT, Defendant.**

**No. K83–36.**

United States District Court,
W.D. Michigan, S.D.

March 13, 1984.

Patrick H. McCollough, Dearborn, Mich., for plaintiff.

John Smietanka, U.S. Atty., Brenda Braceful, Asst. U.S. Atty., Grand Rapids, Mich., for defendant.

OPINION

ENSLEN, District Judge.

This action comes before the Court on Defendant's Motion to Dismiss the Complaint pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure (FRCP), for lack of subject matter jurisdiction.

In reviewing Defendant's motion, the Court's inquiry at this point in the proceeding is limited to whether or not the challenged pleading sets forth allegations sufficient to show that the Court has subject matter jurisdiction in the case. In making this determination, the pleadings are to be taken as true and construed in a light most favorable to the party opposing the motion. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Dupree v. City of Chattanooga, Tennessee*, 362 F.Supp. 1136 (E.D.Tenn.1973). If the pleader alleges facts from which jurisdiction may be inferred, the motion must be denied. *Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375 (CA 10 1978), *cert. den.*, 441 U.S. 952, 99 S.Ct. 2182, 60 L.Ed.2d 1058. A judgment dismissing an action for lack of jurisdiction is not a bar to a later proceeding in a court of competent jurisdiction or other suitable forum on the merits of the case. *Hitt v. City of Pasadena*, 561 F.2d 606 (CA 5 1977); *Freudenberg v. Harvey*, 364 F.Supp. 1087 (E.D.Pa.1973).

In a cryptic, two-page Complaint, Great Lakes Educational Consultants, Inc. (Plaintiff), alleges that it contracted with the Federal Emergency Management Agency (Defendant), a division of the Department of Defense, to supply "professional support for Emergency Training Programs" from October 1, 1980 through September 31, 1981.[1] The contract provided that the government had the unilateral option to renew it for a period not in excess of three years. At the government's request, Plaintiff allegedly prepared a proposal for its extension which was accepted at a date not specified in the Complaint. Plaintiff duly proceeded to perform services pursuant to the renewed contract; however, on October 2, 1981, Defendant gave notice of the contract's termination and stopped funding soon thereafter. This, Plaintiff contends, amounted to a wrongful breach causing it damage in the sum of $1 million.

Defendant argues that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1346. That statute deprives the District Court of jurisdiction over claims against the United States founded upon Sections 8(g)(1) or 10(a)(1) of the Contract Disputes Act of 1978, 41 U.S.C. §§ 607(g)(1) and 609(a)(1).[2] In response, Plaintiff concedes that the case was wrongfully filed in this Court, but urges that it be transferred to the U.S. Claims Court pursuant to 28 U.S.C. § 1631, rather than dismissed. That statute permits this Court to transfer cases over which it has no jurisdiction to a court with jurisdiction if it is in the interests of justice to do so.[3] For statute of limitations purposes, the filing date of the transferred case relates back to the date it was incorrectly filed.

Plaintiff does not deny Defendant's assertion that this case is subject to the Con-

1. It is unclear from the Complaint and the copy of the contract attached thereto the nature of the services which Plaintiff performed for the government. However, since I find this contract is subject to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601, *et seq.*, it is unnecessary for the Court to be apprised of this information.

2. 41 U.S.C. §§ 607(g)(1) and 609(a)(1), discussed hereinafter, refer to the two methods for appealing an adverse decision of the agency's contracting officer who initially reviews any contract claim arising under 41 U.S.C. §§ 601, *et seq.* Thus, 28 U.S.C. § 1346 clearly precludes this Court from hearing any appeal from a contracting officer's decision.

3. 28 U.S.C. § 1631 provides, in pertinent part, as follows:

Whenever a civil action is filed in (the United States District Court) and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

tract Disputes Act of 1978 (Act), *supra*. Under the Act, any contract for the procurement of services entered into by an executive agency—in this case, the Department of Defense—is subject to an administrative procedure for dispute resolution. An aggrieved contractor must first submit a written claim to the agency's contracting officer and certify for any claim in excess of $50,000 that: (a) the claim is made in good faith; (b) the supporting data filed therewith are accurate and complete; and (c) the amount requested accurately reflects the sum for which the contractor believes the government is liable. 41 U.S.C. § 605(c)(1). The contracting officer's decision is final unless either the contractor or government elects to appeal. 41 U.S.C. § 605(b).

If the contracting officer fails to issue a decision within 60 days of filing or by a date specified by the agency's board of contract appeals, then the contracting officer's failure to issue a decision will be deemed a final decision, thus authorizing the commencement of an appeal. 41 U.S.C. § 605(c)(5). An appeal may be taken to the board of contract appeals or a lawsuit directly instituted in the Claims Court. 41 U.S.C. §§ 606, 609(a)(1). Decisions from the board of contract appeals are appealable to the U.S. Court of Appeals for the Federal Circuit. 41 U.S.C. § 607(g)(1).

■ The legislative history indicates that the Act was intended to induce resolution of contract disputes with the government by negotiation rather than litigation and provide alternative forums for dispute resolution. *See*, S.Rep. No. 95–1118, 95th Cong., 2d Sess. 1 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5235. Prior to the Act, dispute resolution was fragmented between direct court access and mandatory administrative review. For example, suits could be filed immediately against the government for breach of contract or contract reformation. If, however, the dispute was addressed by a specific adjustment provision in the contract, then the aggrieved contractor was required to exhaust his administrative remedies under the standard disputes clause before seeking judicial review. *See, United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). The Act and its legislative history clearly indicate a congressional preference for administrative dispute resolution.

The Claims Court has interpreted the Act's administrative procedure to be in the nature of a jurisdictional prerequisite to judicial review. In *Paul E. Lehman v. United States*, 673 F.2d 352 (Cl.Ct.1982), the court held that a claim in excess of $50,000 could not receive judicial review unless it had been properly certified. In so deciding, the court noted that one of the objectives of the certification procedure was to discourage the submission of unwarranted claims. *See also, W.H. Moseley Co., Inc. v. United States*, 677 F.2d 850 (Cl.Ct.1982); *cert. den.* 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77. *Fidelity Construction Co. v. United States*, 700 F.2d 1379 (Cl.Ct.1983), *cert. den.*, —— U.S. ——, 104 S.Ct. 97, 78 L.Ed.2d 103. In a similar vein, the court in *Paragon Energy Corp. v. United States*, 227 Ct.Cl. 176, 645 F.2d 966 (1981), referred to the contracting officer's decision as the "linchpin" for appealing claims to the Claims Court. It went on to hold that no appeal would lie in the absence of his decision.

■ In requesting direct transfer of this case to the Claims Court, the Plaintiff seeks to by-pass the Act's administrative procedures. As noted above, the Claims Court has specifically held that claim certification and the issuance of a contracting officer's decision are jurisdictional prerequisites to judicial review in that court. These decisions appear to construe the submission of an aggrieved contractor's claim to the administrative process as a jurisdictional prerequisite to judicial review. Even assuming *arguendo* that the Claims Court would not hold exhaustion of administrative procedures to have such effect the legislative history's emphasis on administrative resolution compels me to find that the "interests of justice" standard of 28 U.S.C. § 1631 would not be satisfied as

immediate transfer would clearly frustrate the congressional policy implemented by the Act.

To the extent that Plaintiff fears my granting Defendant's Motion to Dismiss will preclude access to any system of review, I call its attention to *Skelly & Loy v. United States*, 685 F.2d 1414 (Cl.Ct.1982). In that case the court followed the precedent laid down in *Paul E. Lehman v. United States, supra,* and dismissed without prejudice the aggrieved contractor's suit for failure to certify its claim pursuant to 41 U.S.C. § 605(c)(1). The court directed the aggrieved contractor to undertake the Act's administrative procedure anew and submit a properly certified claim to the appropriate contracting officer. In the instant case, it would appear that Plaintiff's only course of action is to do likewise. Transferring the case to the Claims Court pursuant to 28 U.S.C. 1631 would surely result in that court's granting the government's inevitable Rule 12(b)(1) motion.

Accordingly, an order will be issued granting, without prejudice, Defendant's Motion to Dismiss pursuant to Rule 12(b)(1), FRCP.