Isac DAVIS, Plaintiff,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS, L. Love Grove, R. Duveyoung, and D. McCelland, Defendants.

No. 90–CV–70641–DT.

United States District Court,
E.D. Michigan, S.D.

Oct. 4, 1990.

Isac Davis, pro se.

Linda M. Olivieri, Asst. Atty. Gen., Corrections Div., Lansing, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

### I. INTRODUCTION

Plaintiff-prisoner filed a *pro se* civil rights claim under 42 U.S.C. § 1983. Plaintiff alleges that he suffered racial discrimination and verbal abuse while incarcerated at the State Prison of Southern Michigan. Plaintiff seeks monetary relief and removal from the prison.

This matter now comes before the Court on defendant's motion for dismissal and/or summary judgment. Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court referred this motion to a United States Magistrate for a Report and Recommendation ("R & R"). On July 17, 1990, the magistrate issued a R & R, which recommended that the Court dismiss the complaint or in the alternative grant summary judgment for defendant. Plaintiff failed to file objections to the R & R within ten days of receipt of a copy thereof as provided for under 28 U.S.C. § 636(b)(1)(C).[1]

The Court adopts the magistrate's R & R. However, the R & R does not completely dispose of the relevant issues in this case.[2] Therefore, the Court goes beyond the contents of the magistrate's R & R and makes additional findings of law. Having considered all the relevant information before it, including the R & R, the Court concludes that it lacks subject matter jurisdiction over plaintiff's claims, and that plaintiff has failed to state a claim upon which relief may be granted. Accordingly, plaintiff's complaint is dismissed.

### II. FACTS

Plaintiff, Isac Davis, presently confined at the State Prison of Southern Michigan in Jackson, Michigan, filed this *pro se* claim pursuant to 42 U.S.C. § 1983. Plaintiff claims that various prison officials and the Department of Corrections violated his rights protected under the United States Constitution. In his complaint, Plaintiff named The Michigan Department of Corrections (the "MDOC") and Officers L. Love Grove ("Love Grove"), D. McCelland ("McCelland") and R. Duveyoung ("Duveyoung") as defendants. In an Order of Partial Dismissal dated March 26, 1990, this Court Dismissed the MDOC and Officers Love Grove and McCelland.[3] Thus, Duveyoung is the sole defendant remaining in this case.

A Minor Misconduct Violation and Hearing Report, dated November 27, 1989 and appended to plaintiff's complaint, indicates that Duveyoung heard excessive noise originating from a prison hallway and upon investigation observed plaintiff "yelling very loudly." At that time, Duveyoung allegedly committed acts of misconduct, which form the core of plaintiff's complaint. In particular, plaintiff alleges that Duveyoung "verbally abused" him. Plaintiff also claims that Duveyoung racially discriminated against him by singling him out from a group of four prisoners. Duveyoung is white, as were the four other prisoners. Plaintiff is black. As a result of this incident, plaintiff seeks monetary relief for having suffered "mental hell." Additionally, in the belief that his life is in danger, plaintiff requests removal from the prison.

Defendant has filed a motion for dismissal and/or summary judgment. Defendant's attached affidavit states, *inter alia*, that he does not recall the incident in question; does not discriminate against prisoners, including plaintiff; and does not verbally assault prisoners, including plaintiff. Defendant further asserts in his affidavit that at all times during his contact with plaintiff, he acted in his official capacity as

---

1. Failure to file objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

2. Although the R & R squarely addresses the legal sufficiency of the verbal abuse claim, it raises, but does not resolve, other issues involving a party's use of affidavits, the existence of subject matter jurisdiction, and the legal sufficiency of the discrimination claim.

3. Pursuant to 28 U.S.C. § 1915, this Court, *sua sponte*, ordered partial dismissal of plaintiff's complaint because some of the averments therein lacked any arguable basis in law or fact.

a Corrections Officer. Plaintiff's response[4] failed to provide opposing affidavits.

## III.  LEGAL ANALYSIS

### A.  THE NATURE OF PLAINTIFF'S CLAIMS

The essential elements of a claim under 42 U.S.C. § 1983 are that the conduct at issue (1) was committed by a person acting under color of state law and (2) deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Bacon v. Patera*, 772 F.2d 259 (6th Cir.1983). In this case, the second prong of the *Parratt* analysis is somewhat problematic at first glance because plaintiff's averments are not exactly clear.

As a result, the Court must first parse through the vague and conclusory language of plaintiff's complaint in the hope of discerning some colorable claims, the Court noting that in this case such an endeavor approaches the limits of judicial discretion. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989) (citing *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.1983)) (the courts must avoid conjuring up unplead allegations). First, the Court considers the claim of "verbal abuse" as one of cruel and unusual punishment prohibited by the eighth amendment.[5] No other construction would implicate constitutional or federal statutory concerns. Second, the charge of "being singled out" most closely resembles an alleged violation of the equal protection clause of the fourteenth amendment. In

the interest of justice, the Court proceeds under the belief that plaintiff has alluded to federal constitutional claims in his complaint.

### B.  MOTION FOR SUMMARY JUDGMENT

Defendant addresses his motion, in part, as one for summary judgment under Fed. R.Civ.P. 56. In an attached affidavit, defendant denies plaintiff's allegations and disclaims any practice of verbal abuse and discrimination. As mentioned above, plaintiff's response failed to include opposing affidavits.

Plaintiff's failure to file an opposing affidavit triggers Federal Rule of Civil Procedure 56(e), which allows for the entry of summary judgment against a non-moving party that fails to respond with an opposing affidavit or the equivalent.[6] Under a strict application of Rule 56(e), the Court would be justified in resolving this matter in favor of the defendant; that is, the Court could conclude that the issue of defendant's conduct and motivation in reprimanding plaintiff has been resolved on the basis of defendant's affidavit.[7]

However, when a Rule 56 motion for summary judgment can be granted without considering extraneous materials— such as affidavits—the district court has the discretion to view such a motion as a Rule 12 motion to dismiss. *Keenum v. Amboyer*, 558 F.Supp. 1321, 1323 n. 11 (E.D.Mich.1983) (citing *In re Penn Central Securities Litigation*, 347 F.Supp. 1327 (E.D.Pa.1972)). The Court prefers this approach, exercises its discretion to exclude defendant's affidavit from consideration,

---

**4.** Plaintiff responded by filing a "Motion to Deny Dismissal." Plaintiff's submission contains the information typically found in a response. For this reason, the Court considers it a response, notwithstanding its title.

**5.** The eighth amendment applies in this case through its incorporation into the due process clause of the fourteenth amendment. *Robinson v. California*, 370 U.S. 660, 666, 82 S.Ct. 1417, 1420, 8 L.Ed.2d 758 (1962); *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 463, 67 S.Ct. 374, 376, 91 L.Ed. 422 (1947) (plurality opinion).

**6.** In part, Rule 56(e) states the following: "When a motion for summary judgement is made and supported [by affidavit], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

**7.** *See generally Ackerman v. Diamond Shamrock Corp.*, 670 F.2d 66 (6th Cir.1982).

and views defendant's motion under Rule 12. In this respect, Rule 56(e) becomes irrelevant.[8] Thus, although defendant has based his motion on Rule 12 and/or 56, the Court will consider it as one based exclusively on Rule 12.

## C. MOTION TO DISMISS

A party must state with particularity the grounds upon which it bases its motion. Fed.R.Civ.P. 7(b)(1); E.D.Mich. Local R. 17(c). To this end, defendant in form bases its motion to dismiss on Rule 12(b)(6); however, in substance defendant has moved for dismissal based on 12(b)(1) and (6).

Defendant challenges the Court's jurisdiction of the subject matter of the complaint because plaintiff has allegedly sued the wrong party under § 1983. Such a challenge must be made pursuant to Rule 12(b)(1), and the Court will consider it accordingly.[9] Additionally, defendant contends that plaintiff, in alleging verbal abuse, has failed to state a claim upon which relief may be granted; defendant argues that plaintiff's racial discrimination claim suffers the same defect. These arguments are clearly offered pursuant to Rule 12(b)(6). Considering substance over form, the Court construes defendant's 12(b)(6) motion as a challenge both to the Court's subject matter jurisdiction and to the legal sufficiency of plaintiff's complaint.

### 1. Subject Matter Jurisdiction

■ An action will be dismissed pursuant to Rule 12(b)(1) only if there is no basis for federal jurisdiction. *Oppenheim v. Sterling*, 368 F.2d 516 (10th Cir.1966). The test for determining jurisdiction on the face of the pleadings is whether the federal claim alleged is so patently without merit as to justify the district court's dismissal for want of jurisdiction. *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978). The court's inquiry is limited to determining whether the challenged pleadings set forth allegations sufficient to show the court that it has subject matter jurisdiction over the matter. *Great Lakes Educational Consultants v. Federal Emergency Management Agency*, 582 F. Supp. 193 (W.D.Mich.1984). The pleadings are to be construed in a light most favorable to the party opposing the motion. If the pleader alleges facts sufficient to infer that proper subject matter exists, the motion must be denied. *Id.*

■ Pleading requirements for § 1983 actions brought against the state and state employees are set out in *Wells v. Brown:*

---

8. Consideration of Defendant's affidavit would raise an arguable question about the effect of Rule 56(e) in *pro se* prisoner cases. The Court for the Eastern District of Michigan has, on one occasion, refrained from a literal application of Rule 56(e) in a *pro se* prisoner case. *Keenum v. Amboyer*, 558 F.Supp. 1321 (E.D.Mich.1983) (rule authorizing entry of summary judgment against adverse party who, in response to the motion, relies on allegations of his pleadings is not automatically applicable in *pro se* inmate cases). Additionally, a number of Circuits have refused to apply literally Rule 56(e) in *pro se* prisoner cases because to do so would be "unfair." *See e.g., Madyun v. Thompson*, 657 F.2d 868 (7th Cir.1981), disapproved of on other grounds by *Hudson v. Palmer*, 468 U.S. 517, 531 n. 10, 104 S.Ct. 3194, 3202, n. 10, 82 L.Ed.2d 393 (1984); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.1978); *Curry v. Brown*, 440 F.2d 259 (D.C. Cir.1971). However, the Court notes that a clearly stated Federal Rule of Civil Procedure cannot be ignored merely because it offends subjective notions of fairness.

So in its discretion, the Court declines to consider Defendant's affidavit. Therefore, Rule 56(e) becomes a non-issue, and the Court makes no ruling on the appropriateness of applying Rule 56(e) in *pro se* prisoner cases.

Having declined to consider defendant's motion under Rule 56, the Court considers the motion under Rule 12, which defendant cites as an alternative basis for resolving this case.

9. It should be noted that Rule 12(h)(3) empowers the Court to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter...."

Thus, the Court may on its own initiative dismiss a case if subject matter jurisdiction is lacking. *See, e.g., Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); *Ramey Construction Co. v. Apache Tribe of the Mescalero Reservation*, 673 F.2d 315, 318 (10th Cir.1982); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979); *United States v. Durensky*, 519 F.2d 1024, 1029 (5th Cir.1975); Fed.R.Civ.P. 12(h)(3).

plaintiffs seeking damages under § 1983 must set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials. *Wells v. Brown*, 891 F.2d 591 (6th Cir.1989). The eleventh amendment bars civil rights cases in federal court brought against states and state employees. *Wells*, 891 F.2d at 593. An action against a defendant in his official capacity is not a suit against a "person" subject to suit under § 1983. *Wells*, 891 F.2d at 594 (citing *Will v. Michigan Department of State Police*, —— U.S. ——, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)).

Because plaintiff sued defendant in his official capacity, plaintiff has failed to sue a "person" subject to suit under § 1983; therefore, the Court lacks subject matter jurisdiction. Plaintiff has had numerous opportunities to properly plead his case, but he insists that defendant is liable in his official capacity. Plaintiff's complaint includes "Officer R. Duveyoung" as a named defendant. Plaintiff's response to defendant's motion also refers to defendant as "Officer Duveyoung." Thus, by his own admissions plaintiff claims to be suing a state employee, not an individual. After *Wells*, such a claim is not actionable under § 1983.

■ Because plaintiff seeks to hold the state responsible for Officer Duveyoung's alleged misconduct, plaintiff has failed to sue a "person" subject to suit under § 1983; therefore, the Court lacks subject matter jurisdiction. Plaintiff's response states that "the Department of Correction is liable because it is responsible for the supervision of all of it's [sic] officers." The eleventh amendment clearly bars such a claim in federal court. *Wells*, 891 F.2d at 593.

Plaintiff has made clear his resolve to sue Duveyoung in his official capacity, despite being informed of the possibility that the Court lacked jurisdiction over such a matter.[10] Regardless of whether the intended defendant was a state employee or the state itself, the result is the same. Under *Will* and *Wells*, the Court lacks jurisdiction of the subject matter of plaintiff's complaint.

Plaintiff's *pro se* status does not excuse his procedural shortcomings. Although modern pleading is less rigid than in the past, courts have not dismantled all pleading barriers. *Wells*, 891 F.2d at 593. It is not unreasonable to ask that if a person is to be subject to suit, the person should be properly named and clearly notified of the potential for payment of damages individually. *Id.* (citing *Brandon v. Holt*, 469 U.S. 464, 474, 105 S.Ct. 873, 879, 83 L.Ed.2d 878 (1985) (Burger, C.J., concurring in judgment)). Although *pro se* complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers, courts have not been willing to abrogate basic pleading essentials in *pro se* suits. *Wells*, 891 F.2d at 594 (citations omitted).

Lacking subject matter jurisdiction, the Court must dismiss the claims against defendant. In addition to his failure to establish subject matter jurisdiction, plaintiff has not stated a claim upon which relief may be granted.

### 2. *Failure to State a Claim*

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's complaint. *Davey v. Tomlinson*, 627 F.Supp. 1458, 1463 (E.D.Mich.1986); *Hudson v. Johnson*, 619 F.Supp. 1539, 1542 (E.D.Mich.1985). "In evaluating the propriety of a dismissal under Rule 12(b)(6), the factual allegations in the complaint must be treated as true." *Janan v. Trammell*, 785 F.2d 557, 558 (6th Cir.1986); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). Plaintiff's claims shall not be dismissed unless it is established that the plaintiff cannot prove beyond doubt any set

---

**10.** In addition to his refusal to rebut defendant's challenges to the Court's jurisdiction, plaintiff failed to file any objections to the magistrate's R & R, which raised the issue of subject matter jurisdiction. All things considered, the Court is convinced that plaintiff has had a fair opportunity to plead his case properly, and that his claims have received fair and meaningful consideration.

of facts to support their claim that would entitle them to relief. *Janan*, 785 F.2d at 558.

■ Plaintiff's claim that Duveyoung "verbally assaulted" him in violation of the Eighth Amendment fails to state a claim upon which relief may be granted. "Allegations of verbal abuse or harassment ... are insufficient grounds for relief under § 1983." *Freeman v. Trudell*, 497 F.Supp. 481, 482 (E.D.Mich.1980). *See also, Rahman v. Stephenson*, 626 F.Supp. 886, 888 (W.D.Tenn.1986) (threats, abusive language or verbal harassment by prison officials do not support liability under 42 U.S.C. § 1983); *Coyle v. Hughs*, 436 F.Supp. 591, 592–93 (W.D.Okla.1977) (the use of words, however violent, cannot constitute an assault actionable under § 1983). Plaintiff alleges nothing more than verbal abuse, which quite clearly does not implicate constitutional concerns. Therefore, plaintiff's claim of cruel and unusual punishment lacks legal sufficiency and must be dismissed.

■ Plaintiff's equal protection claim (that he was "singled out") lacks the requisite specificity to constitute a valid claim under § 1983. In fact, plaintiff has stated mere conclusions and has provided no factual basis for his claim. It is well settled that a pleading fails to state a claim under § 1983 if the allegations are merely conclusory and lack factual specificity. *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971). This requirement holds particular importance in a civil rights case because this type of proceeding carries with it the potential for abuse. *Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir.1971). In addition, plaintiff's *pro se* status does not excuse him from making specific factual allegations. *Wells*, 891 F.2d at 594 (citations omitted). *See also, Rotolo v. Borough of Charleroi*, 532 F.2d 920, 922–23 (3rd Cir.1976); *Nickens v. White*, 536 F.2d 802 (8th Cir.1976).

Plaintiff does not allege that defendant's conduct was intentional and purposeful or in any way invidious, nor does plaintiff state any facts that even remotely suggest such a conclusion. Plaintiff's complaint reveals nothing more than the alleged fact that Duveyoung reprimanded plaintiff in the presence of four prisoners, who happened to be white. In light of *Place* and *Blackburn*, such allegations fall far short of constituting a legally sufficient equal protection claim. For this reason, plaintiff's equal protection claim must be dismissed.

### D. APPEAL *IN FORMA PAUPERIS*

■ Under 28 U.S.C. § 1915(a), "an appeal may not be taken *in forma pauperis* if the [district] court certifies in writing that it is not taken in good faith." The Supreme Court interpreted "good faith" as stated in § 1915 as simply "not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445–46, 82 S.Ct. 917, 920–22, 8 L.Ed.2d 21 (1962). For the reasons stated in this opinion, plaintiff's complaint fails to approach, even remotely, an actionable claim under § 1983. Accordingly, this Court makes a finding that any appeal from this decision would be frivolous. It is clear, then, that an appeal could not be taken in good faith and, therefore, pursuant to § 1915(a), may not be taken *in forma pauperis*.

### IV. CONCLUSION

The Court has construed defendant's motion to dismiss and/or motion for summary judgment as a motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons stated in the magistrate's R & R and in the foregoing opinion, the Court hereby GRANTS defendant's motion to dismiss. Also, the Court certifies that any appeal taken from this case would not be taken in good faith, and therefore, may not proceed *in forma pauperis*.

IT IS SO ORDERED.