918 F.2d 136
 24 Collier Bankr.Cas.2d 230, 20 Bankr.Ct.Dec. 1987,
Bankr. L. Rep. P 73,670
 In re: Caesar C. LATIMER, Debtor.
Kenneth L. STAINER, Appellee,
v.
Emily L. LATIMER; the unknown heirs, executors,
administrators, devisees, and assigns of Maria L. Latimer,
Deceased; Julia Latimer Warren, administratrix of the
estate of Maria L. Latimer, Deceased; Julia Latimer Warren,
individually; Reta Latimer Wright; James Harold Latimer;
Charles Sylvester Latimer, Appellants.
 No. 89-5116.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 7, 1990.
 
 Caesar C. Latimer, Tulsa, Okl., for appellants.
 David A. Carpenter, Tulsa, Okl., for appellee.
 Before McKAY, McWILLIAMS and EBEL, Circuit Judges.
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants appeal from an order of the district court affirming the bankruptcy court's order avoiding all conveyances of real property by debtor Caesar C. Latimer and his wife Emily L. Latimer. We affirm.
 
 
 3
 The trustee, Kenneth L. Stainer, commenced an adversary action in the bankruptcy court to recover the real property the debtor had conveyed five months before filing his Chapter 7 bankruptcy petition to Mrs. Latimer, and which she subsequently conveyed in part to the other defendants. None of the defendants had submitted a claim against the bankruptcy estate. At a pretrial conference, the bankruptcy court denied defendants' oral demand for a jury trial. After trial, the bankruptcy court avoided all of the conveyances by debtor and Mrs. Latimer. Defendants appealed to this court, after the district court affirmed the bankruptcy court.
 
 
 4
 On appeal, defendants first argue that the debtor had standing to participate in this adversary proceeding. We agree with the district court's determination that debtor had no standing, due to his failure to move to intervene in this adversary action.
 
 
 5
 Defendants argue the bankruptcy court erred in ruling they were not entitled to a jury trial, because, they contend, they did not waive their right to a jury trial. After determining bankruptcy courts are without jurisdiction to conduct jury trials, the district court concluded defendants' failure to request a transfer to the district court after the bankruptcy court denied their request for a jury trial effectively waived their right to a jury trial.
 
 
 6
 The trustee first maintains the bankruptcy court properly denied the request for a jury trial because defendants made an oral rather than a written request for jury trial. We agree. A request must be in writing. Fed.R.Civ.P. 38(b); Bankr.R. 9015 (abrogated Mar. 30, 1987). Thus, defendants did not make a proper request for a jury trial.
 
 
 7
 Even if defendants had made a proper request, we accept the trustee's argument that defendants waived their right to a jury trial. In Granfinanciera, S.A. v. Nordberg, --- U.S. ----, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Court held that when a proper demand for a jury trial has been made, a person who had not submitted a claim against a bankruptcy estate has a seventh amendment right to a jury trial when sued by a trustee to recover alleged fraudulent conveyances of property. The Court, however, expressly declined to decide whether bankruptcy courts have authority to conduct jury trials in fraudulent conveyance actions. Id. 109 S.Ct. at 2802. In considering the issue, this court has recently held that bankruptcy courts may not hold jury trials. In re Kaiser Steel Corp., 911 F.2d 380, 389-92 (10th Cir.1990).
 
 
 8
 In Kaiser Steel, the parties filed a request for a jury trial and a request to withdraw reference to the bankruptcy court in the adversary action to recover transferred assets. This court concluded that "[w]here the seventh amendment requires a jury trial to be held in bankruptcy, that trial must take place in the district court, sitting in its original jurisdiction in bankruptcy." Id. at 392. Accordingly, this court directed the district court to withdraw the reference and conduct a jury trial on the issues for which timely demand had been made. Id.
 
 
 9
 In the case at bar, defendants requested only a jury trial; they did not request transfer to the district court. Failure to make such a request was a waiver of the right to a jury trial. We hold that to avoid waiver, parties seeking a jury trial must combine their request for a jury trial with a request for transfer to the district court. Accordingly, the district court was not clearly erroneous in deciding the request for a jury trial without a request for transfer waived the right to a jury trial. See Bartmann v. Maverick Tube Corp., 853 F.2d 1540, 1543 (10th Cir.1988).
 
 
 10
 Defendants also argue the district court erred in determining the conveyances were fraudulent and should be avoided. After reviewing the record on appeal, we conclude the bankruptcy court did not err in determining the conveyances were fraudulent.
 
 
 11
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.