**In re Ruth Ann MULLANEY,**
**SSN: 339–26–8554, Debtor.**

**Ruth Ann MULLANEY, Plaintiff,**

**v.**

**ALBERTSON'S, INC., a Delaware**
**corporation, Defendant.**

Civ. A. No. 94–B–2877.
Bankruptcy No. 93–17215–DEC.
Adv. No. 94–1618–SBB.

United States District Court,
D. Colorado.

April 11, 1995.

943

Joan B. Burleson, Lee M. Kutner, Rubner & Kutner, P.C., Denver, CO, for plaintiff.

Jack S. Smith, Richard D. Cephas, Holland & Hart, Denver, CO, for defendant.

MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant, Albertson's, Inc. (Albertson's), filed a motion for partial summary judgment and to strike or deny jury demand. The motion is adequately briefed and oral argument was held on April 10, 1995. Plaintiff, Ruth Ann Mullaney (Mullaney), has elected the legal remedy of damages for breach of contract rather than the equitable claim of specific performance. I conclude that plaintiff's second claim for breach of implied covenant of good faith and fair dealing (Bad Faith) should be dismissed. I also conclude that punitive damages are not available in this action. The remaining claims of breach of contract and negligent misrepresentation will be tried to a jury in this court.

## I.

Plaintiff, Ruth Ann Mullaney, (Mullaney) filed for relief under Chapter 11 of the United States Bankruptcy Code on July 1, 1993. She filed a Chapter 11 Plan of Reorganization which was confirmed on August 23, 1994. The Chapter 11 Plan called for partial liquidation of Mullaney's assets including commercial property in Fort Collins, Colorado. In November, 1993, Albertson's entered into a contract to purchase the property from Mullaney. Albertson's notified Mullaney in September, 1994, that it was withdrawing from the contract.

Mullaney then filed a breach of contract action against Albertson's in the United States Bankruptcy Court on October 25, 1994 and requested a jury trial. At that time, Mullaney did not seek transfer or removal of the case to the United States District Court for the District of Colorado. By Order dated October 31, 1994, Judge Brooks, United States Bankruptcy Judge, ruled *sua sponte* that Mullaney's "jury demand is deemed to be waived and is, therefore, DENIED." Mullaney then filed on November 18, 1994, a Demand for Jury Trial in the Bankruptcy Court, or in the Alternative, Motion for Withdrawal of the Reference. On November 23, 1994, the defendant filed its answer. The bankruptcy court issued an order on December 14, 1994, directing the clerk to transmit the motion to withdraw reference and other portions of the record to this court. Thereafter, defendant filed a motion for partial summary judgment and to strike or deny jury demand.

## II.

Jury Demand

■ Parties seeking a jury trial in a matter referred to the bankruptcy court must combine their request for a jury trial with a request for transfer of the matter to the district court or trial by jury is deemed waived. *In re Latimer*, 918 F.2d 136, 137 (10th Cir.1990), *cert. denied*, 502 U.S. 863, 112 S.Ct. 186, 116 L.Ed.2d 147 (1991). In determining the timeliness of a jury demand Fed.R.Civ.P. 38(b) provides, in pertinent part:

> Any party may demand a trial by jury of any issue triable of right by a jury by [ ] serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. . . .

The Answer filed by the defendant on November 23, 1994 was the last pleading necessary to put the complaint at issue. *See* 5 J. Moore, *Federal Practice*, ¶ 38.92[2] at 38–70 (2d ed. 1994) ("the pleadings end with the complaint and answer, unless the answer sets forth a counterclaim").

■ Mullaney's jury demand in her complaint filed October 25, 1994 was defective because she failed to seek transfer to the district court. *In re Latimer*, 918 F.2d 136, 137 (10th Cir.1990). However, Mullaney cured the defect by filing on November 18, 1994, a combined jury demand and request to transfer before Albertson's filed its Answer on November 23, 19994. Therefore, the bankruptcy court acted prematurely in finding on October 31, 1994 that plaintiff had waived her right to a jury trial. Mullaney is entitled to a jury trial on her claims for which she seeks legal remedies. To conclude otherwise abrogates Rule 38 and contravenes her constitutional right to jury trial. I read nothing in *In re Latimer* which directs such

an untoward result. I will deny defendant's motion to strike or deny jury demand.

### III.

#### Partial Summary Judgment Motion

Having decided that plaintiff is entitled to a jury trial, I now turn to defendant's motion for summary judgment on plaintiff's second claim of breach of the covenant of good faith and her request for punitive damages.

■ Summary judgment pursuant to Fed.R.Civ.P. 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues to be tried. *Commercial Iron & Metal Co., Inc. v. Bache & Co.,* 478 F.2d 39 (10th Cir.1973). This enables the court to render a judgment on the law. *Rohner v. Union Pac. R.R. Co.,* 225 F.2d 272 (10th Cir.1955). If summary judgment is done on the basis of the pleadings alone, however, it is functionally the same as a motion to dismiss for failure to state a claim or for a judgment on the pleadings. *See* Fed. R.Civ.P. 12(b)(6) and 12(c). Indeed, if, as in this case, a motion for summary judgment can be granted without considering extraneous materials, the district court has the discretion to convert the summary judgment motion to a motion to dismiss. *See Davis v. Michigan Dept. of Corrections,* 746 F.Supp. 662 (E.D.Mich.1990).

■ A Rule 12(c) motion is directed at the same question as a Rule 56 motion—whether any genuine issue of fact is presented. However, the 12(c) motion is restricted to the content of the pleadings. Judgment on the pleadings may be granted *sua sponte. Bajenski v. Chivatero,* 818 F.Supp. 1083 (N.D.Ohio 1993). A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the case can be achieved by focusing on the content of the pleadings. Accordingly, I will convert defendant's summary judgment into a motion for judgment on the pleadings.

■ In a 12(c) motion, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. For purposes of the motion, the court must take the well-pleaded factual allegations in the non-movant's pleading as true. *Freeman v. Department of Corrections,* 949 F.2d 360 (10th Cir.1991).

Mullaney's first claim for relief alleges that Albertson's breached their contract "by failing to proceed to diligently to satisfy its obligations under the Contract." (Complaint ¶ 20). Plaintiff's second claim for relief for "bad faith" alleges:

> Albertson's agreed to diligently satisfy the conditions contained in the Contract of Sale. Despite specific representations to do so, in bad faith and with wanton disregard for the rights and feelings of Plaintiff, Albertson's failed and refused to proceed in any reasonable manner to satisfy said obligations.

■ Generally, under Colorado law a covenant of good faith and fair dealing is implied in every contract. *See Colorado Interstate Gas Co., Inc. v. Chemco, Inc.,* 833 P.2d 786, 792 (Colo.App.1991). Breach of this covenant does not give rise to an independent tort claim but rather is included in the breach of contract claim. *Id.* Plaintiff's second claim for relief is subsumed in her first claim for breach of contract. Accordingly, I will dismiss plaintiff's second claim. Fed.R.Civ.P. 12(c).

■ Plaintiff seeks punitive damages arising out of her second claim for "bad faith breach." As stated above, there is no cognizable, independent action for this claim in Colorado. Moreover, Colorado law does not generally recognize a claim for punitive damages for breach of contract. *Mortgage Finance, Inc. v. Podleski,* 742 P.2d 900 (Colo. 1987). Punitive damages are recoverable only pursuant to statute. *Colorado Interstate Gas,* 833 P.2d at 792. *See* § 13–21–102, C.R.S. (1987 Repl.Vol. 6A).

■ Punitive damages may be recovered where the conduct constituting the breach of contract is also a tort for which punitive damages are recoverable. *Id.; Surdyka v. DeWitt,* 784 P.2d 819 (Colo.App. 1989). Here, however, I am dismissing

plaintiff's second claim which contains the only allegations of willful or wanton conduct. (Complaint ¶ 24). Plaintiff's sole tort claim is "negligent misrepresentation" in which plaintiff states only that "Albertson's was negligent in communicating the information." (Complaint ¶ 28). Consequently, I will grant defendant's motion strike plaintiff's request for punitive damages.

Accordingly, it is ORDERED:

1. defendant's motion to strike jury demand is DENIED and plaintiff is granted the right to a jury trial;

2. plaintiff's second claim for relief for "bad faith" is DISMISSED with prejudice;

3. plaintiff's request for punitive damages and specific performance is STRICKEN;

4. defendant's motion for summary judgment is DENIED as moot;

5. the parties shall submit a pre-trial order by close of business on Friday, May 12, 1995;

6. a pre-trial conference shall be held in Room C–550 on Wednesday, May 17, 1995, at 8:00 a.m.; and

7. this court's Order of Reference to the United States Bankruptcy Court dated December 19, 1994 to conduct all pre-trial matters is WITHDRAWN.