**In re SAND HILLS BEEF CORPORATION,**
Debtor.

**Glen R. ANSTINE, as Trustee for the Estate of San Hills Beef Corporation, Plaintiff,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY,**
Defendant,

**Janice A. Steinle, as Trustee for San Hills Beef, Inc., Intervenor.**

Civil Action No. 96–WM–1820.
Bankruptcy No. 94–13897–PAC.
Adversary No. 96–1176–PAC.

United States District Court,
D. Colorado.

Aug. 30, 1996.

Jeff Detlefs, Jeff Detlefs, P.C., Denver, CO, for Plaintiff.

Peter W. Burg, Brandan O. Powers, Burg & Eldredge, P.C., Denver, CO, for Defendant.

Virginia Dalton, Pearlman & Dalton, Denver, CO, for Intervenor.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

On July 23, 1996, Defendant United States Fidelity and Guaranty Company ("USF & G") filed a motion in bankruptcy court to transfer this adversary proceeding to this court for trial. In essence this is a motion to withdraw reference to the bankruptcy court. For the reasons stated below, I deny the motion.

### Background.

On March 21, 1996, Plaintiff, Glen R. Astine, as Trustee for the Estate of Sand Hills Beef Corporation, filed a Complaint against USF & G.

On April 22, 1996, USF & G filed an Answer, Counterclaim for Declaratory Relief and Jury Demand.

On May 31, 1996 Bankruptcy Judge Patricia Ann Clark *sua sponte* issued an Order finding USF & G had waived its right to a jury trial by failing to file a request for transfer to the district court, citing *Stainer v. Latimer (In re Latimer)*, 918 F.2d 136, 137 (10th Cir.1990), *cert. denied,* 502 U.S. 863, 112 S.Ct. 186, 116 L.Ed.2d 147 (1991). The order stated the matter would be set for trial by the bankruptcy court at a later date.

Also on May 31, 1996, Judge Clark issued an Order on Motion by Sand Hills Beef, Inc. Trustee to Intervene as Plaintiff, granting the motion of Janice A. Steinle, Trustee for the Estate of Sand Hills Beef, Inc. to intervene. On June. 4, 1996, the Intervenor's Complaint was filed against USF & G.

On July 11, 1996, Judge Clark issued an Order to Show Cause Why Intervenor's Complaint should not be dismissed for failure to prosecute, stating that an answer to the Intervenor's complaint had not been timely filed.

Also on July 11, 1996, Judge Clark entered an order, noting USF & G had filed a timely answer to the Plaintiff's (as opposed to the Intervenor's) complaint and asserted a demand for jury trial. She ordered that before July 31, 1996, USF & G was to file an affidavit that no proof of claim was filed by it in the underlying case or the jury demand should be withdrawn.[1]

On July 16, 1996, USF & G filed an Answer to Intervenor's Complaint and Counterclaim for Declaratory Relief.

On July 23, 1996, USF & G filed a Motion to Transfer to District Court and Affidavit of Brendan O. Powers Concerning Proof of Claim. USF & G stated it had asserted a demand for jury trial to all matters claimed by the Plaintiffs [sic] and requested that this adversary proceeding be transferred to the district court for trial.

On July 25, 1996, USF & G filed a Jury Demand of Defendant Concerning Intervenor's Complaint and Defendant's Counterclaim for Declaratory Relief.

On July 26, 1996, pursuant to Federal Rule of Bankruptcy 5011(a), Judge Clark ordered the clerk to transfer the motion to transfer/motion to withdraw reference to this court for further proceedings pursuant to 28 U.S.C. § 157(d).

Plaintiff, Glen R. Astine, Trustee for the Estate of Sand Hills Beef Corporation, and Intervenor, Janice A. Stainle, Trustee for the Estate of Sand Hills Beef, Inc. objected to the motion to transfer.

### Discussion.

■ On May 31, 1996, Judge Clark, relying on *In re Latimer,* held that USF & G's demand for a jury trial was deemed waived because USF & G had not filed a request for transfer to the district court. In that case, the Tenth Circuit held:

> In the case at bar, defendants requested only a jury trial; they did not request transfer to the district court. Failure to

---

1. This Order appears to ignore the May 31, 1996 Order Deeming Demand for Jury Trial Waived.

742

make such a request was a waiver of the right to a jury trial. *We hold that to avoid waiver, parties seeking a jury trial must combine their request for a jury trial with a request for transfer to the district court.* Accordingly, the district court was not clearly erroneous in deciding the request for a jury trial without a request for transfer waived the right to a jury trial. *In re Latimer,* 918 F.2d 136, 137 (10th Cir. 1990) (emphasis added) (citation omitted).

■ USF & G urges *Latimer* should not be interpreted as meaning a motion to transfer must be filed simultaneously with a jury demand and urges a narrower construction such as was adopted in *Hughes–Bechtol, Inc. v. Ohio (In re Hughes–Bechtol, Inc.),* 141 B.R. 946, 953–54 (Bankr.S.D.Ohio 1992). Both Judge Clark and I, however, are bound by the clear mandate of the Tenth Circuit in requiring that, "to avoid waiver, parties seeking a jury trial must *combine* their request for a jury trial with a request for transfer to the district court." *In re Latimer,* 918 F.2d at 137 (emphasis added). *See also Mullaney v. Albertson's, Inc. (In re Mullaney),* 179 B.R. 942, 943 (D.Colo.1995) (holding the request for jury trial must be combined with a request for transfer of the matter to the district court). Accordingly, USF & G's demand for a jury trial was correctly deemed waived.

■ A jury trial, once waived, cannot be resurrected because another plaintiff, who does not seek a jury trial, has joined the case. *See, e.g., Vesper Constr. Co. v. Rain for Rent, Inc.,* 602 F.2d 238, 241 (10th Cir. 1979) (finding defendant's failure to file a timely jury demand constituted a waiver of its right which could not be revived by a subsequent consolidation); *American Fidelity & Casualty Co. v. All American Bus Lines, Inc.,* 190 F.2d 234, 237 (10th Cir.) (holding the substitution of a party plaintiff without injecting into the case any new or different issue of fact did not create in defendant a new right to demand a jury trial nor did it revive such right), *cert. denied,* 342 U.S. 851, 72 S.Ct. 79, 96 L.Ed. 642 (1951); *LaMarca v. Turner,* 662 F.Supp. 647, 652 (S.D.Fla.1987) (holding where there has been a failure to file a timely jury demand, amend-

ments to the complaint not introducing new issues do not give rise to a right to demand a jury trial).

Here, the Intervenor's complaint, like that of the Plaintiff, sues for failure of USF & G to respond to a claim under the employee dishonesty coverage section of an insurance policy under which there were multiple insureds including Plaintiff and the Intervenor. In these circumstances, USF & G's demand for jury trial, deemed waived, cannot be resurrected. I therefore deny USF & G's Motion to Transfer to District Court (treated as a motion to withdraw reference to the bankruptcy court). Accordingly,

IT IS ORDERED THAT Defendant United States Fidelity's Motion to Transfer to District Court (treated as a motion to withdraw reference to the bankruptcy court) is DENIED.