NOT FOR PUBLICATION[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

_____

**FILED**
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

**November 12, 2021**

**Blaine F. Bates**
**Clerk**

IN RE IRENE C. MODEN,

Debtor.

_____

IRENE C. MODEN,

Plaintiff - Appellant,

v.

DITECH FINANCIAL, LLC and
NEWREZ, LLC,

Defendants - Appellees.

BAP No. CO-20-062

Bankr. No. 19-20343
Adv. No. 20-01085
Chapter 13

OPINION

_____

Appeal from the United States Bankruptcy Court
for the District of Colorado

_____

Submitted on the briefs.[2]

_____

Before **SOMERS**, **JACOBVITZ**, and **LOYD**, Bankruptcy Judges.

_____

_____

[1]This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[2] After examining the briefs and appellate record, the Court has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. Bankr. P. 8019(b). The case is therefore submitted without oral argument.

**LOYD**, Bankruptcy Judge.

After the lender and current and former mortgage loan servicers filed foreclosure proceedings against the Debtor's residence, the Debtor filed a chapter 13 bankruptcy petition and an adversary proceeding against the loan servicers, asserting various state-law claims. The Bankruptcy Court entered judgment for the Debtor on one claim and entered judgment for the defendants on the remaining claims. On appeal, the Debtor argues that the Bankruptcy Court should not have granted judgment for the Defendants on her fraud and emotional-distress claims. The Bankruptcy Court did not clearly err in finding that the Debtor waived her emotional-distress claim and in any event did not adequately prove emotional-distress damages. Nor did the Bankruptcy Court err in concluding that the Debtor did not allege a sufficient basis to support the fraud claim. Therefore, we affirm.

## I.    BACKGROUND

### A.    History of loan and state-court foreclosure proceedings

In November 2002, the Debtor's parents, Erick Moden and Fumiko Moden, obtained a loan from Countrywide Home Loans, Inc. The loan of $175,750 was evidenced by a promissory note (the "Note") and secured by a deed of trust (the "Deed of Trust") encumbering 1249 Racine Street, Aurora, Colorado (the "Property"). Erick Moden died in 2002. In December 2006, Fumiko Moden conveyed the Property to herself and the Debtor, as joint tenants. Fumiko Moden died in August 2012. Although title passed to her by operation of law, the Debtor executed a quitclaim deed from herself as executor of the estate of Fumiko Moden, to herself personally.

2

Green Tree Servicing, LLC, which at some point became servicer for the loan, sent Fumiko Moden a notice of default on the Note on June 26, 2013, requiring a timely cure payment or else the loan would be accelerated automatically without further notice. Green Tree sent the Debtor a similar notice of default on August 29, 2013, requiring a timely cure payment or else the loan would be accelerated automatically without further notice.

Green Tree initiated a state court foreclosure proceeding in 2013 but later withdrew it. Green Tree later merged into Ditech Financial LLC ("Ditech"), with Ditech as the surviving entity.[3] Ditech initiated a foreclosure proceeding in 2017 but later withdrew it. In 2019, Ditech commenced a new foreclosure proceeding. The Debtor responded, asserting (among other things) that Ditech lacked standing to foreclose and that Ditech's right to foreclose was barred by the applicable statute of limitations. The Debtor also filed a separate "spurious lien" case against Ditech.

**B.     Bankruptcy filing and adversary proceeding against the Defendants**

On December 3, 2019, the Debtor filed a chapter 13 petition and an adversary proceeding against Ditech, NewRez,[4] and US Bank, N.A. in the United States Bankruptcy Court for the District of Colorado.[5] The Debtor's *Verified Adversary Complaint for*

---

[3] Although evidence of this merger does not appear in the record, the issue is not disputed.

[4] Ditech transferred servicing of the loan to NewRez, LLC ("NewRez") in December 2019.

[5] The Bankruptcy Court dismissed US Bank, N.A. as a defendant on May 27, 2020 because it was a servicer under a different loan and was improperly joined in the lawsuit against Ditech and NewRez. Docket for Adv. No. 20-01085 (Bankr. D. Colo.)*, in* Appellant's App. at 5, 9; *Order on Motion to Dismiss*, No. 20-01085 (Bankr. D. Colo. May 27, 2020), ECF No. 22.

*Declaratory Judgment* (the "Complaint") asserted claims labelled as (a) fraud on the court (the "Fraud-on-the-Court Claim"); (b) a declaration that the Note and Deed of Trust lien were extinguished through the statute of limitations (the "Limitations Claim"); (c) a declaration that the loan servicers lacked standing to seek foreclosure (the "Standing Claim"); (d) fraud (the "Fraud Claim"); and (e) intentional infliction of emotional distress (the "Emotional-Distress Claim").[6] In the concluding prayer for relief, the Complaint sought—among other relief—$5,000,000 in compensatory damages for the Emotional-Distress Claim and $8,000,000 in punitive damages for "Ditech's outrageous and reckless conduct knowingly prosecuting Plaintiff's deceased parents, which was also an illegitimate claim of right to foreclose."[7]

Neither Ditech nor NewRez responded to the Complaint. The Clerk of Court entered default on July 14, 2020, and the Debtor moved for a default judgment on July 21, 2020. In response to the motion for default judgment, the Bankruptcy Court entered two companion orders. The first order (the "First Companion Order") noted that the motion for default judgment must be set for evidentiary hearing because it requested an award of emotional-distress damages, which the Bankruptcy Court concluded were neither liquidated nor capable of mathematical calculation.[8] The First Companion Order also

---

[6] The Debtor's allegations concerning fraud and emotional distress appear directed solely against Ditech and not NewRez.

[7] Complaint ¶ 1 at 21, *in* Appellant's App. at 38.

[8] *Order and Notice of Hearing*, No. 20-01085 (Bankr. D. Colo. Aug. 25, 2020), ECF No. 33.

required the Debtor to file a list of witnesses and a list of exhibits, pre-marked for identification, prior to the damages hearing. The second order (the "Second Companion Order") gave details about appearing at a video hearing, marking and exchanging exhibits prior to the hearing, and calling expert witnesses.[9]

At the September 30, 2020 hearing, the Bankruptcy Court found the Debtor's exhibits disorganized and difficult to review, noting that the Debtor had not marked them for identification and had not filed a witness and exhibit list. The Debtor stated that she did not have any witnesses to call or any other evidence to support her claim for $5,000,000 in actual damages. The Debtor said she "pulled [$5,000,000] out of a hat because . . . I can't find [an] attorney to help me."[10] The Debtor indicated she would reorganize her medical documentation and get with her doctors, but the Bankruptcy Court required that the hearing proceed.[11] After observing that the Debtor appeared unprepared to prove her alleged damages, the Bankruptcy Court recessed the hearing to allow the Debtor to consider whether she wanted to pursue her claims for actual and punitive damages, or instead accept a judgment extinguishing the lien based on the Limitations Claim, which the Court said it was otherwise prepared to enter. When the hearing resumed, the Debtor said, "Well, I want

---

[9] *Order and Notice of Evidentiary Hearing by Video Conference*, No. 20-01085 (Bankr. D. Colo. Aug. 26, 2020), ECF No. 34.

[10] Sept. 30, 2020 Hr'g Tr., *in* Appellant's App. at 70.

[11] The Debtor expressed concerns that Ditech and NewRez continued to send notices of default and other letters after her bankruptcy filing. The Bankruptcy Court told the Debtor she potentially could pursue damages for violation of the automatic stay in the main bankruptcy case. The alleged automatic-stay violations are not at issue in this appeal.

a judgment in for the house. I'll forego the damages . . . ."[12] After considering the Debtor's comments, the Bankruptcy Court concluded:

> **THE COURT:** All right. Well, I am going to therefore conclude that you are – from your statements, that you're waiving the damage claims for emotional distress and the punitive because I have to have some damage claims for there to be punitive claims – punitive damages.
> And we will – it may take us a few days because I want to double-check that we have – we get the order finalized and what have you, but we'll go ahead and grant the default judgment regarding the remaining claims and then we'll see where we go from there. All right?
> **MS. MODEN:** Okay, Your Honor. Thank you.[13]

The Bankruptcy Court then entered the *Order on Motion for Default Judgment* (the "Order") on December 8, 2020.[14] The Order specifically addressed only three of the five counts in the Complaint. First, the Bankruptcy Court concluded that it would enter judgment for the Debtor on the Limitations Claim.

Second, the Bankruptcy Court concluded that it would enter judgment for the Defendants on the Fraud Claim because it could not find that either Defendant committed fraud based on the facts alleged in the Complaint and in the Debtor's exhibits.[15]

Third, the Bankruptcy Court concluded that it would enter a judgment for the Defendants on the Emotional-Distress Claim because (a) the Bankruptcy Court did not admit the Debtor's exhibits into evidence, so the Debtor had no evidence to support her

---

[12] Sept. 30, 2020 Hr'g Tr., *in* Appellant's App. at 91.

[13] *Id.* at 93-94. Although the Bankruptcy Court said it would grant the default judgment regarding the "remaining claims," its subsequent order and judgment specifically referred to only three of the five counts in the Complaint.

[14] Order, *in* Appellant's App. at 12.

[15] The Bankruptcy Court did not admit the Debtor's exhibits into evidence at the hearing.

6

claim for damages, and (b) alternatively, even if the Bankruptcy Court were to consider the exhibits, the Debtor did not prove medical causation, which the court noted generally requires the testimony of an expert witness. Curiously, the Order does not mention the Bankruptcy Court's conclusion from the hearing that the Debtor had waived her claim for actual and punitive damages for emotional distress.

Although the Order did not specifically address the Debtor's Fraud-on-the-Court Claim and the Standing Claim, the Order concluded with a catch-all reference to the Debtor's claims as follows: "For the reasons stated above, the Court will enter judgment in favor of Plaintiff on her claim seeking a determination Defendants' lien on the Property is extinguished by operation of Colorado law. The Court will enter judgment in favor of Defendants on the remaining claims of Plaintiff's Complaint."[16]

When the Bankruptcy Court entered the Order, it also entered its *Judgment*,[17] pursuant to which the Bankruptcy Court entered judgment for the Debtor on the Limitations Claim and entered judgment for the Defendants on the Fraud Claim and Emotional-Distress Claim. The Judgment did not specifically refer to the Fraud-on-the-Court Claim or the Standing Claim.

The Debtor filed a timely notice of appeal, taking issue with the Bankruptcy Court's rulings on the Fraud Claim and Emotional-Distress Claim.

---

[16] Order, *in* Appellant's App. at 16.

[17] *Judgment*, *in* Appellant's App. at 17.

Because it was unclear whether the Bankruptcy Court adjudicated all claims alleged in the Complaint, this Court entered a *Limited Remand Order*,[18] directing the Bankruptcy Court to amend its Order and Judgment to clarify whether it decided and entered judgment on all claims alleged in the Complaint.

The Bankruptcy Court then entered an *Amended Order on Motion for Default Judgment* (the "Amended Order")[19] and an *Amended Judgment*,[20] each making clear that the Bankruptcy Court was granting relief to the Debtor on the Limitations Claim but granting relief to the Defendants on all remaining claims in the Complaint, including the Fraud-on-the-Court Claim and the Standing Claim.[21]

## II.  JURISDICTION

This Court has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[22] The Debtor filed her notice of appeal on December 22, 2020, within fourteen days of entry of the Bankruptcy Court's Judgment,

---

[18] BAP ECF No. 49.

[19] The BAP Clerk of Court supplemented the record on appeal with this document, which is now found at BAP ECF No. 59.

[20] The BAP Clerk of Court also supplemented the record on appeal with this document, which is now found at BAP ECF No. 58. The Bankruptcy Court also entered an *Order on Remand*, found at BAP ECF No. 57, pursuant to which the Bankruptcy Court vacated the original Order and Judgment and replaced them with the Amended Order and Amended Judgment.

[21] The Debtor has not raised on appeal the Bankruptcy Court's judgment in favor of the Defendants on the Fraud-on-the-Court Claim and the Standing Claim.

[22] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8003, 8005.

and neither party elected to have the district court hear this appeal. The Court's Limited Remand Order made clear that this Court was retaining jurisdiction over the appeal and that once the Bankruptcy Court amended its Order and Judgment and the Clerk of Court supplemented the record on appeal with those amended documents, no further action by the Bankruptcy Court or the parties was required to bring the matter back before this Court. The Amended Judgment is final because the Amended Order and Amended Judgment have now disposed of all claims between the parties. Therefore, this Court has valid appellate jurisdiction.

Even though NewRez states in its *Reply Brief* that the Order is final for purposes of appeal, it also makes the contradictory argument that the Bankruptcy Court did not have authority to enter a final ruling on the Fraud and Emotional-Distress Claims because NewRez—when it failed to appear and answer—allegedly did not consent to that court's final adjudication of those claims.[23] That argument, if accepted, would suggest that the Amended Judgment is *not* final because the Bankruptcy Court did not have authority to enter it.[24] We reject NewRez's argument.

The summons that was served on NewRez prominently featured the following warning:

> **IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A**

---

[23] *Appellee's Br.* at 5, 8.

[24] See 28 U.S.C. § 157(c)(1) and (2) (providing that a bankruptcy court may not enter final judgment for a non-core matter without consent; it may only enter proposed findings of fact and conclusions of law for de novo review by the district court).

**JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**[25]

Numerous bankruptcy court decisions handed down both before and after the Supreme Court decided *Wellness Int'l Network, Ltd. v. Sharif*[26] have determined that a defendant's failure to litigate after receipt of a summons with the above-quoted language amounts to the defendant's implied consent to bankruptcy court adjudication.[27]

---

[25] *Summons in an Adversary Proceeding*, No. 20-01085 (Bankr. D. Colo. Mar. 19, 2020), ECF No. 5 (capitalization and bold type in original); *Certificate of Service* for service of summons, No. 20-01085 (Bankr. D. Colo. Mar. 26, 2020), ECF No. 10. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records in [their own] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *Bank of Commerce & Tr. Co. v . Schupbach (In re Schupbach)*, 607 Fed. App'x 831, 838 (10th Cir. May 19, 2015) (unpublished) (holding the appellate court may take judicial notice of the underlying bankruptcy docket).

[26] 575 U.S. 665 (2015) (concluding that a litigant may waive the right to Article III adjudication through "knowing and voluntary" implied consent).

[27] *See, e.g., Gonzalez v. Muziknewum Nevada Irrevocable Spendthrift Tr. (In re Zamora)*, No. 2:17-BK-22698-BB, 2020 WL 1272257, at *2 (Bankr. C.D. Cal. Mar. 16, 2020) (unpublished) (noting numerous courts "have held that bankruptcy judges may enter default judgments based on implied consent resulting from a defendant's failure to respond to a summons and complaint"); *Reid v. Wolf (In re Wolf)*, 595 B.R. 735, 753 (Bankr. N.D. Ill. 2018) (concluding service of summons "indicating in clear terms that a failure to respond would result in their implied consent to this court entering final orders" was sufficient for entry of default); *Kravitz v. Deacons (In re Advance Watch Co.)*, 587 B.R. 598, 601-02 (Bankr. S.D.N.Y. 2018) (concluding a bankruptcy court may "enter default judgments in all adversary proceedings in which a defendant has failed to respond to a properly served summons and complaint"); *Campbell v. Carruthers (In re Campbell)*, 553 B.R. 448, 452–53 (Bankr. M.D. Ala. 2016); (concluding "a defendant's failure to litigate after receipt of a summons with the above-quoted language amounts to the defendant's implied consent to bankruptcy court adjudication"); *Executive Sounding Bd. Assocs. v. Advanced Mach. & Eng'g Co. (In re Oldco M Corp.)*, 484 B.R. 598, 614 (Bankr. S.D.N.Y. 2012) (concluding failure to respond to a properly served complaint constitutes "implied consent to the entry of a default judgment by a bankruptcy judge"); *contra In re Smiley*,

10

This Court likewise concludes that NewRez's failure to litigate after receipt of the summons amounts to NewRez's implied consent to the Bankruptcy Court's final adjudication of all claims against it. The Amended Order and Amended Judgment are final for purposes of appeal.

### III.   ISSUES AND STANDARDS OF REVIEW

The pro se Debtor's arguments on appeal are sometimes incoherent and difficult to decipher. Construed generously in the Debtor's favor,[28] the *Appellant / Petitioner's Opening Brief* and the *Appellant / Petitioner's Reply Brief* appear to raise the following issues:[29]

---

559 B.R. 215, 217 & n.2 (Bankr. N.D. Ind. 2016) (concluding a creditor's active participation in a proceeding without complaint could be inferred as implied consent or waiver, but silence would not be; stating, "Silence is not acceptance"); *Moyer v. Koloseik (In re Sutton)*, 470 B.R. 462, 476-77 (Bankr. W.D. Mich. 2012) (distinguishing waiver from forfeiture and concluding failure to respond to a complaint is not sufficient for adjudication by a non-Article III court).

Other courts have noted the Supreme Court's decision in *Wellness* addressed waiver of the right to an Article III judge, not forfeiture of the ability to "appear and defend at all." *Hopkins v. M & A Ventures (In re Hoku Corp.)*, No. 13-40838-JDP, 2015 WL 8488949, at *2–3 (Bankr. D. Idaho Dec. 10, 2015) (unpublished) (acknowledging *Wellness* and concluding that if applicable, a "total failure to appear and defend can be presumed to satisfy the *Wellness* standard); *see also Ridley v. Brock (In re Brock)*, No. 15-31274, 2016 LEXIS 2132 (Bankr. D.N.J. May 25, 2016) (unpublished) (noting the difference between waiver and forfeiture and arguing that otherwise "a defendant who actually litigates his case can somehow waive his right to an Article III judge by failing to raise a *Stern* objection, but a defendant who is completely unresponsive somehow maintains his right to an Article III judge").

[28] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (noting that when a party proceeds pro se, the district court construes his or her pleadings liberally, and holds them to a "less stringent standard than [the standard applied to] formal pleadings drafted by lawyers.").

[29] The *Appellant's Statement of Issues on Appeal*, filed in the Bankruptcy Court, does not help, as it is simply a recitation of the action taken by the Bankruptcy Court on the

11

**A.**     **Whether the Bankruptcy Court erred by not setting a separate evidentiary trial—before a jury—after determining at the September 30, 2020 hearing that the Debtor did not have evidence to support the Emotional-Distress Claim**

Although the Debtor made a jury-trial demand in the Complaint, she never raised her alleged jury-trial right in connection with the September 30, 2020 hearing, and the Bankruptcy Court did not address it. An appellate court generally does not consider an issue raised for the first time on appeal.[30] If we consider the jury-trial issue, and if the Bankruptcy Court's rulings are construed as impliedly finding a waiver of the Debtor's jury-trial rights, that determination would be reviewed for clear error.[31]

**B.**     **Whether the Bankruptcy Court erred in finding that the Debtor waived damages under the Emotional-Distress Claim**

Appellate courts generally refuse to consider waived legal theories.[32] Whether the Debtor intentionally waived her claims is a finding of fact,[33] which is reviewed for clear error.[34] "A finding is 'clearly erroneous' when although there is evidence to support it, the

---

Limitations Claim, Emotional-Distress Claim, and Fraud Claim. No. 20-01085 (Bankr. D. Colo. Feb. 4, 2021), ECF No. 50.

[30] *In re Jennings*, 739 F. App'x 505, 510 (10th Cir. 2018) (unpublished); *In re Walker*, 959 F.2d 894, 896 (10th Cir. 1992).

[31] *Stainer v. Latimer (In re Latimer)*, 918 F.2d 136, 137 (10th Cir. 1990).

[32] *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127 (10th Cir. 2011) ("If the theory was intentionally relinquished or abandoned in the district court, we usually deem it waived and refuse to consider it.").

[33] *In re Munoz*, 784 F. App'x 653, 660 (10th Cir. 2019) (unpublished) ("Superior makes little effort in its reply brief or otherwise to confront the basis of the district court's *waiver finding*, which was that Superior knowingly, deliberately, and repeatedly rejected apportionment as a basis for the Bankruptcy Court to determine whether all or some of the Judgment arose from fraud and was therefore nondischargeable.") (emphasis added).

[34] *Keys Youth Servs., Inc. v. City of Olathe, KS*, 248 F.3d 1267, 1274 (10th Cir. 2001).

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[35] If the trial court's account of the evidence is plausible in light of the record viewed in its entirety, a court of appeals may not set aside those findings even though convinced that it would have weighed the evidence differently had it been sitting as the trier of fact.[36] "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."[37] When reviewing findings of fact under the clearly-erroneous standard, "the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility."[38]

### C.      Whether the Bankruptcy Court erred in finding that the Debtor failed to prove the Emotional-Distress Claim (if it was not waived) and the Fraud Claim

#### 1.      Emotional distress

The standard of review for emotional distress is a dual standard of review. The ultimate question whether the conduct is outrageous is a factual determination, but the trial court decides as a matter of law whether the issue should be submitted to the factfinder in the first instance, based on whether reasonable persons could differ on the conduct being outrageous.[39] After a bench trial, the trial court's factual findings are reviewed for clear

---

[35] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

[36] *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985).

[37] *Id.*

[38] Fed. R. Civ. P. 52(a)(6).

[39] *Grandchamp v. United Air Lines, Inc.*, 854 F.2d 381, 383 (10th Cir. 1988) (citing *Montgomery Ward & Co. v. Andrews*, 736 P.2d 40, 46 (Colo. Ct. App. 1987)).

error and its legal conclusions de novo.[40]

The Bankruptcy Court's ultimate rulings on emotional distress were based in part on excluding the Debtor's exhibits. This Court reviews the Bankruptcy Court's exclusion of evidence at trial under an abuse-of-discretion standard.[41] Reversible error may not be predicated upon a ruling that admits or excludes evidence unless a substantial right is affected.[42] The test is not met where the evidence refused admission does not add anything of probative value beyond the evidence already admitted and would not have changed the outcome of trial.[43]

### 2. *Fraud*

Whether a plaintiff proves a claim of fraud is a factual finding reviewed for clear error.[44]

## IV. DISCUSSION

The Debtor's three basic arguments on appeal are not persuasive.

**A.     The Bankruptcy Court did not clearly err by holding a single evidentiary hearing without a jury on the Debtor's motion for default judgment**

---

[40] *Keys Youth Servs.,* 248 F.3d at 1274.

[41] *See Smith v. Ingersoll–Rand Co.*, 214 F.3d 1235, 1242-44 (10th Cir. 2000).

[42] *See Thweatt v. Ontko*, 814 F.2d 1466, 1471 (10th Cir. 1987).

[43] *See Sims Consol., Ltd. v. Irrigation & Power Equip., Inc.*, 518 F.2d 413, 418 (10th Cir. 1975); *see also Hill v. J.B. Hunt Transp., Inc*., 815 F.3d 651, 659 (10th Cir. 2016) (noting that an error affecting a substantial right of a party is an error that had a substantial influence or that leaves one in grave doubt—after reviewing the record as a whole—as to whether it had such an effect on the outcome).

[44] *Pacini v. Ennis (In re Ennis)*, No. CO-12-008, 2012 WL 3727324, at *5 (10th Cir. BAP Aug. 29, 2012) (unpublished).

First, the Debtor argues that a separate and different trial was required to determine her emotional-distress damages. Citing Federal Rule of Civil Procedure 12(b)(6), the Debtor claims that the Bankruptcy Court's role at the September 30, 2020 hearing was not to weigh the evidence, but instead to determine whether the Complaint sufficiently stated a claim for relief. The Debtor is wrong about the procedural posture of the matter below. The September 30, 2020 hearing was not a hearing on a motion to dismiss under Rule 12(b)(6), but instead an evidentiary hearing on the amount of damages to be awarded on the Emotional-Distress Claim in a default judgment. In a hearing on a motion for default judgment held after a Clerk's entry of default, the Bankruptcy Court may "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."[45] Although a defendant admits well-pleaded allegations of fact by default, there must be a sufficient basis in the pleadings for a default judgment to be entered.[46] In addition, the Court may require evidence in support of the plaintiff's claim of damages, particularly where the amount sought is not certain or capable of easy computation.[47]

The First Companion Order put the Debtor on notice that the motion for default judgment was set for an evidentiary hearing because the motion requested an award of emotional-distress damages, which the Bankruptcy Court concluded were neither

---

[45] *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Fed. Pract. & P.* § 2688, at 63 (3d ed. 1998)).

[46] *Bixler v. Foster*, 596 F.3d at 762.

[47] *See* Wright, Miller & Kane, § 2688. *See also Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985).

15

liquidated nor capable of mathematical calculation. The Bankruptcy Court set an evidentiary hearing by video and fixed a deadline for the Debtor to file witness and exhibits lists prior to the hearing. The Second Companion Order put the Debtor on notice regarding procedures for appearing and presenting evidence at an evidentiary hearing conducted by video and the requirement to mark exhibits for identification. The Companion Orders are consistent with the Bankruptcy Court's local rules, which provide that the Bankruptcy Court "will advise the party seeking entry of default judgment of the time and date of a proof hearing, if required."[48] The Companion Orders gave the Debtor adequate notice that she needed to be prepared to prove her claim for damages. The Debtor, even though she is unrepresented, should not get a "do-over" hearing on damages.[49]

Second, the Debtor argues that she was entitled to have a jury—rather than the Bankruptcy Court—determine her emotional-distress damages. The Debtor's argument fails for three reasons. First, the Debtor has forfeited the issue on appeal because she did not raise the issue before the Bankruptcy Court. Second, in a damages hearing held in connection with a motion for default judgment, the plaintiff has no right to a jury trial.[50] Third, in any event, the Debtor had no right to a jury even in a trial on the merits. The Debtor—who made a jury-demand in the Complaint—waived whatever jury-trial right she

---

[48] L.B.R. 7055-1(c).

[49] *Cf. Ogden v. San Juan Cty.,* 32 F.3d 452, 455 (10th Cir. 1994) ("[*P*]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

[50] *See* Wright, Miller & Kane, § 2688.

16

may have had. A bankruptcy judge may conduct jury trials "if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."[51] There is nothing in the record indicating that the Defendants consented to a jury trial before the Bankruptcy Court, and the Debtor did not file a motion to withdraw the reference to the district court even when notified by the Companion Orders that her damages claim was set for trial.[52] The Bankruptcy Court did not err in conducting the damages hearing without a jury.

For these reasons, the Bankruptcy Court did not abuse its discretion in scheduling and conducting a damages hearing on September 30, 2020, and the Bankruptcy Court did not clearly err by determining the matter itself rather than conducting a jury trial.

**B.     The Bankruptcy Court did not clearly err in finding that the Debtor waived damages under the Emotional-Distress Claim**

Citing her pro se status, the Debtor argues that she did not waive her claims for damages for emotional distress.[53] The record does not support her position. A party waives

---

[51] 28 U.S.C. § 157(e).

[52] *Stainer v. Latimer (In re Latimer)*, 918 F.2d 136, 137 (10th Cir. 1990) (holding—before 28 U.S.C. § 157 was amended in 1994 to permit bankruptcy judges to conduct jury trials under certain conditions—that "to avoid waiver, parties seeking a jury trial must combine their request for a jury trial with a request for transfer to the district court."); *Redmond v. Hassan (In re Hassan)*, 375 B.R. 637, 645-46 (Bankr. D. Kan. 2006) (concluding the Tenth Circuit would likely still follow *Latimer* even after subsection (e) was added to § 157 and that a party waives a jury-trial right by failing to either file a motion to withdraw the reference to the district court or obtain the consent of all parties to a bankruptcy-court jury trial).

[53] The Debtor argues that the Bankruptcy Court found a waiver with respect to both the Emotional-Distress Claim *and* the Fraud Claim. The Bankruptcy Court's oral findings regarding waiver, however, appear to have been directed at the Emotional-Distress Claim.

a legal theory by either intentionally relinquishing or abandoning the theory in the trial court.[54] At the September 30, 2020 hearing, after flagging the Debtor's lack of evidence in support of her emotional-distress claims for actual and punitive damages, the Bankruptcy Court recessed the hearing for the Debtor to consider whether she wanted to press forward with those claims, or instead simply accept a default judgment on the Limitations Claim, which the Court was prepared to do. After considering the matter, the Debtor stated she would like to proceed with obtaining a judgment finding the lien invalid and that she would "forego the damages."[55] When the Bankruptcy Court then announced that the Debtor had waived her damages claims and that the court would enter an order in a few days after buttoning up some issues, the Debtor's only response was to thank the court. It is clear from the record that the Debtor waived the Emotional-Distress Claim. The Bankruptcy Court's oral finding at the hearing that the Debtor waived her Emotional-Distress Claim is not clearly erroneous.

Although the Bankruptcy Court ultimately based its ruling against the Debtor on the Emotional-Distress Claim on a ground other than waiver, we affirm the Bankruptcy Court's

---

If the Bankruptcy Court's waiver finding also applied to the Fraud Claim, then the following analysis applies to that claim as well.

[54] *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127 (10th Cir. 2011).

[55] Sept. 30, 2020 Hr'g Tr., *in* Appellant's App. at 91.

18

ruling because the Debtor waived the claim. An appellate court may affirm the trial court on any ground supported by the record, even grounds not relied on by the trial court.[56]

## C.    The Bankruptcy Court did not clearly err in finding that the Debtor failed to prove the Emotional-Distress Claim (if it was not waived) and the Fraud Claim

The Debtor next argues (obliquely) that the Bankruptcy Court erred in finding that the Debtor failed to prove her claims for emotional distress and fraud.[57] Even if the Debtor had not waived the Emotional-Distress Claim (which she did), for the additional reasons outlined below, the Debtor's arguments lack merit.

### 1.    The Bankruptcy Court did not clearly err in entering judgment for the Defendants on the Emotional-Distress Claim

The Debtor claims Ditech intentionally inflicted emotional distress on her by continuing foreclosure proceedings against her deceased parents after being notified of their deaths and after the six-year statute of limitations had run. That issue goes to the merits of her claim. At the hearing on the motion for default judgment, the Bankruptcy Court did not require the Debtor to prove the merits of the Emotional-Distress Claim. It was a hearing on damages. For two reasons, the Bankruptcy Court did not err in denying the claim based on lack of proof of damages.

First, the Bankruptcy Court did not abuse its discretion in refusing to admit the Debtor's exhibits, which were not included on a timely filed witness and exhibit list and were not separately marked for identification. Moreover, the Debtor cannot show that a

---

[56] *Wolfgang v. Mid-Am. Motorsports, Inc.*, 111 F.3d 1515, 1524 (10th Cir. 1997).

[57] Crediting this argument to the Debtor is a stretch because the Debtor argues primarily that she should have had a later trial to prove her claims.

19

substantial right was affected by the evidence exclusion because the exhibits were not probative and would not have changed the outcome: The Debtor admitted that some of the medical records—such as those related to the Debtor's carpal tunnel syndrome—had nothing to do with her emotional distress, and the Debtor failed to tie the Debtor's medical condition and the rest of the excluded medical records to Ditech's actions or to the Debtor's claimed $5 million in actual damages, which the Debtor said she "pulled . . . out of a hat because I am – like I said, I can't find attorney to help me."[58]

Second, the Bankruptcy Court did not err by finding that the Debtor did not prove medical causation, which was necessary for the Debtor to prove emotional distress damages caused by the Defendants' conduct. As the Bankruptcy Court noted, medical causation generally requires the testimony of an expert witness.[59] Although courts have allowed lay testimony about medical causation in cases where causation is fairly obvious—such as in a prison brutality case where the prisoner was permitted to testify about the pain he felt from the beating by a guard[60]—the connection here between Ditech's actions and the Debtor's medical conditions is not obvious. Even more important, neither the Debtor nor any other lay witness was sworn-in to provide testimony about causation. Even if the Debtor's unsworn comments at the hearing could be considered testimony, her statements regarding causation were vague and perfunctory: "But I have gotten high blood pressure

---

[58] Sept. 30, 2020 Hr'g Tr., *in* Appellant's App. at 70.

[59] *Berry v. Beauvais*, No. 13-CV-2647-WJM-CBS, 2015 WL 5244892, at *4 (D. Colo. Sept. 9, 2015) (unpublished).

[60] *Id.* (citing *Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009)).

from this. I've gotten diabetes from this. And it was all in my adversaries, that all my ailments that I have gotten since this started and I don't know what to do when I can't get any legal help at all."[61] Rather than providing additional and more detailed sworn testimony at the hearing, the Debtor chose instead to accept a default judgment on the Limitations Claim and "forego the damages."[62]

For these reasons, the Bankruptcy Court did not clearly err in concluding that the Debtor did not sufficiently prove her emotional-distress damages and in entering judgment for the Defendants on that claim.

### 2. The Bankruptcy Court did not clearly err in entering judgment for the Defendants on the Fraud Claim

As stated above, although a defendant admits well-pleaded allegations of fact by default, there must be a sufficient basis in the pleadings for a default judgment to be entered. The Complaint appears to allege fraud because Ditech (1) pursued foreclosure after the six-year statute of limitations to enforce the Note had run; (2) pursued foreclosure against the Debtor's deceased parents even after being notified they were deceased; and (3) pursued foreclosure as a purported holder of the debt even though it was just a servicer. Proving fraud requires showing "the defendant made a false representation of a material fact, knowing that representation to be false; that the person to whom the representation was made was ignorant of the falsity; that the representation was made with the intention

---

[61] Sept. 30, 2020 Hr'g Tr., *in* Appellant's App. at 74.

[62] *Id.* at 91.

that it be acted upon; and that the reliance resulted in damage to the plaintiff."[63] Pleadings "alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake."[64]

The Bankruptcy Court did not delve into which of the Defendants' alleged representations, if any, were false. Instead, the Bankruptcy Court concluded that it could not "find Plaintiff has stated sufficient facts to support each element, particularly the lack of knowledge of the party to whom any statement was made, and reliance on the representation resulting in damage to Plaintiff."[65] The Complaint does not allege that the Debtor was unaware of the falsity of any specific representation, or that the Debtor relied on any such representation. Instead, the Complaint and the Debtor's arguments on appeal reveal that the Debtor was acutely aware that enforcement of the Note was barred by limitations, that her parents were deceased, and that the Defendants were servicers and not the underlying holder of the Note. The Bankruptcy Court did not err by concluding that there was an insufficient basis in the pleadings for a default judgment to be entered on the fraud claims.

For these reasons, the Bankruptcy Court did not clearly err in concluding that the Debtor did not sufficiently allege the required elements of the Fraud Claim and in entering judgment for the Defendants on that claim.

---

[63] *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005) (citing *Brody v. Bock*, 897 P.2d 769, 775-76 (Colo. 1995)).

[64] Fed. R. Civ. P. 9(b) (made applicable by Fed. R. Bankr. P. 7009).

[65] Amended Order at 4.

## V.  CONCLUSION

The Amended Judgment is **AFFIRMED** because the Bankruptcy Court did not clearly err by finding that the Debtor waived the Emotional-Distress Claim and failed to prove emotional-distress damages, by holding a bench trial rather than a jury trial on the Emotional-Distress Claim, and by concluding that there was an insufficient basis in the pleadings for a default judgment to be entered on the Fraud Claim.